# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

        Plaintiff,

v.

MIKE MAXWELL,

        Defendant.

Case No. 21-CV-596-JPS

**ORDER**

      As of May 14, 2021, Plaintiff had filed three motions with this Court, (*see* Docket #1, #3, #4), in which he requested the following:

1. an emergency injunction "stopping the government from deliberately harming" him;

2. an injunction, enjoining Mike Maxwell from causing Plaintiff's imminent death;[1]

3. the recusal of Magistrate Judge William E. Duffin;

4. the recusal of this Court;

5. that the Court declare him indigent;

6. that the Court declare him a medical expert in adult medicine and cardiology; and

7. a motion for a hearing on his prior motion for an emergency injunction.

      On May 20, 2021, Plaintiff filed a supplement "as proof that all state court remedies have been exhausted" in both this case and his habeas case before this Court, *Puchner v. Waukesha County Sheriff*, Case No. 21-CV-609. (Docket #5). Plaintiff recently filed a motion to proceed *in forma pauperis*,

---

[1] In his first motion in this case, Plaintiff provides "[e]mergency consent to proceed with a magistrate judge TODAY." (Docket #1 at 1).

(Docket #6), and an emergency motion for an injunction pursuant to Federal Rule of Civil Procedure 65, (Docket #8).

It appears that Plaintiff's filings pertain to his case before Waukesha County Circuit Court Judge Michael P. Maxwell, *In re Marriage of Puchner*, 2019FA000089, (Waukesha Cnty. Cir. Ct.) *available at* https://wcca.wicourts.gov (last visited May 28, 2021). From Plaintiff's submissions, the Court gleans that Plaintiff allegedly suffered a heart attack on May 5, 2021, the same day on which Judge Maxwell ordered that, *inter alia*, Plaintiff be jailed immediately. (Docket #1 at 1–2). According to Plaintiff, Judge Maxwell and the government will succeed in harming or killing Plaintiff by incarcerating him. In other words, Plaintiff asks this Court to prevent his incarceration.

First, Plaintiff is already incarcerated, rendering his requests moot.[2] (*See* Docket #5 at 2) ("I am in jail today because I had a heart attack . . . ."). Second, as the Court explained in its order (Docket #8) in *Puchner v. Puchner*, Case No. 21-CV-41, both the Anti-Injunction Act, 28 U.S.C. § 2283, and the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971), and its successors, would have prevented the Court from intervening in Plaintiff's state-court action. Therefore, the Court denies Plaintiff's requests that this Court enjoin the state court from carrying out his incarceration. (Docket #1). The Court also denies Plaintiff's motion for an emergency hearing on this motion. (Docket #4).

Second, the Court denies Plaintiff's recently filed motion, in which he requests a hearing on his motion for an injunction pursuant to Federal

---

[2]Waukesha County Correctional Facilities, *May 28, 2021 Inmate List*, https://www.waukeshacounty.gov/reports/Internet%20Inmate%20Information.pdf (last visited May 28, 2021).

Rule of Civil Procedure 65. (Docket #8). Plaintiff avers that he has requested, and was denied, a hearing before his incarceration, and as a result of this denial, the Waukesha County Circuit Court has violated his Fourteenth Amendment rights. (*Id.*) Plaintiff is well-aware that his request is for habeas corpus relief pursuant to 28 U.S.C. § 2254, as he has filed an identical motion in his currently pending habeas corpus action. (*See Puchner v. Waukesha County Sheriff*, Case No. 21-CV-609, Docket #4). As Plaintiff's motion is improperly before the Court in this action, the Court will deny it.

Next, the Court addresses Plaintiff's motion to proceed *in forma pauperis*. (Docket #6). Although Plaintiff's motion is sparse, it appears that Plaintiff cannot afford the filing fee. After paying for child support, Plaintiff claims to only have $600.00 per month at his disposal. (*Id.* at 2). He has a significant amount of credit card debt and pays $1,600.00 per month in rent. (*Id.*) He claims that he spends $2,200.00 per month in expenses. (*Id.* at 3). Based on the foregoing, the Court is satisfied that Plaintiff is indigent. However, because the Court will not allow Plaintiff to proceed with this matter, the Court will deny his motion to proceed *in forma pauperis*. (Docket #6). At this juncture, the Court will also deny as moot Plaintiff's earlier motion to be declared indigent. (Docket #3).

Similarly, the Court will deny Plaintiff's request that he be declared a medical expert in adult medicine and cardiology. (Docket #3). In support of that request, Plaintiff states that he "previously practiced as a cardiologist and had medical licenses" in other states. (*Id.*) He also submits his curriculum vitae. (*See* Docket #3-1). According to Plaintiff, Federal Rule of Evidence 702 "demands" that he be declared a medical expert. If only it were that simple. Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merril Dow Pharmaceuticals*, *Inc.*, 509 U.S. 579 (1993), "the district court must

Rule of Civil Procedure 65. (Docket #8). Plaintiff avers that he has requested, and was denied, a hearing before his incarceration, and as a result of this denial, the Waukesha County Circuit Court has violated his Fourteenth Amendment rights. (*Id.*) Plaintiff is well-aware that his request is for habeas corpus relief pursuant to 28 U.S.C. § 2254, as he has filed an identical motion in his currently pending habeas corpus action. (*See Puchner v. Waukesha County Sheriff*, Case No. 21-CV-609, Docket #4). As Plaintiff's motion is improperly before the Court in this action, the Court will deny it.

Next, the Court addresses Plaintiff's motion to proceed *in forma pauperis*. (Docket #6). Although Plaintiff's motion is sparse, it appears that Plaintiff cannot afford the filing fee. After paying for child support, Plaintiff claims to only have $600.00 per month at his disposal. (*Id.* at 2). He has a significant amount of credit card debt and pays $1,600.00 per month in rent. (*Id.*) He claims that he spends $2,200.00 per month in expenses. (*Id.* at 3). Based on the foregoing, the Court is satisfied that Plaintiff is indigent. However, because the Court will not allow Plaintiff to proceed with this matter, the Court will deny his motion to proceed *in forma pauperis*. (Docket #6). At this juncture, the Court will also deny as moot Plaintiff's earlier motion to be declared indigent. (Docket #3).

Similarly, the Court will deny Plaintiff's request that he be declared a medical expert in adult medicine and cardiology. (Docket #3). In support of that request, Plaintiff states that he "previously practiced as a cardiologist and had medical licenses" in other states. (*Id.*) He also submits his curriculum vitae. (*See* Docket #3-1). According to Plaintiff, Federal Rule of Evidence 702 "demands" that he be declared a medical expert. If only it were that simple. Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merril Dow Pharmaceuticals*, *Inc.*, 509 U.S. 579 (1993), "the district court must

engage in a three-step analysis before admitting expert testimony. It must determine whether the witness is qualified; whether the expert's methodology is scientifically reliable; and whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017) (internal quotations and citation omitted). As this Court has declined to grant Plaintiff a hearing in this case, Plaintiff's services as a purported medical expert are unnecessary. And, even if this Court were to hold a hearing in this matter, Plaintiff's submissions are undoubtedly insufficient.

Next, the Court addresses Plaintiff's motion that the Court recuse itself. Plaintiff argues that this Court is biased against him because it has not addressed his motions in a different case and because the Court may have known Plaintiff's grandfather. As the Court has explained, (*see* Case No. 21-CV-41, Docket #8), Plaintiff has not put forth compelling evidence that this Court has personal prejudice or bias against him or that this Court's impartiality could reasonably be questioned. *See* 28 U.S.C. § 455(a), (b). Therefore, the Court denies Plaintiff's motion for its recusal. (Docket #3). The Court will also deny as moot Plaintiff's request that Magistrate Duffin recuse himself, as Plaintiff's case is not before Magistrate Duffin.

Lastly, the Court imposes a filing bar on Plaintiff. "The Seventh Circuit Court of Appeals has approved the use of filing restrictions against a vexatious litigant." *Westefer v. Snyder*, Civil Nos. 00–162–GPM, 00–708–GPM, 2011 WL 9135 at *3 (S.D. Ill. Jan. 1, 2011). Filing injunctions "are standard remedies for misconduct in litigation." *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010). Since 1993, Plaintiff has filed 19 civil cases, 8 habeas petitions, and 2 bankruptcy appeals in this district. Certainly, Plaintiff is a serial litigant. To curb Plaintiff from deluging this Court with his meritless

filings, the Court orders that the Clerk of the Court return to Plaintiff, unfiled, any further papers that Plaintiff may attempt to file, except for those in defense of a federal criminal case or applying for a writ of habeas corpus. Plaintiff may move the Court, no earlier than three years from the date of this Order, to rescind or modify this filing ban.

Finally, based on the foregoing, the Court will dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an emergency injunction, (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an emergency hearing (Docket #4) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an emergency hearing for an injunction pursuant to Federal Rule of Civil Procedure 65 (Docket #8) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to be declared indigent and for Magistrate Judge William E. Duffin's recusal (Docket #3) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to be declared a medical expert and for this Court's recusal (Docket #3) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket #6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that for no less than three years, the Clerk of the Court shall return to Plaintiff, unfiled, any further papers that Plaintiff attempts to file, except for those in defense of a federal criminal case or applying for a writ of habeas corpus; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge